# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**TRAVIS BOLER**                                                          **PETITIONER**

**v.**                                                    **Civil No. 3:21-cv-826-KHJ-BWR**

**WARDEN FRANKLIN**
**D. BREWER**                                                            **RESPONDENT**

## <u>REPORT AND RECOMMENDATIONS</u>

BEFORE THE COURT is the [1] Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus filed by Petitioner Travis Boler. The matter is fully briefed. Having considered the record, the parties' submissions, and relevant legal authority, the undersigned United States Magistrate Judge recommends dismissing the [1] Petition with prejudice and denying Petitioner's requests for an evidentiary hearing and the appointment of counsel.

## I. <u>BACKGROUND</u>

On November 7, 2018, Petitioner Travis Boler ("Petitioner" or "Boler") was found guilty by a jury in the Circuit Court of Neshoba County, Mississippi, Eighth Judicial District, on one count of possession of methamphetamine (more than 2 grams, but less than 10 grams) in violation of Mississippi Code Annotated § 41-29-139(c)(1)(A) ("Count One") and one count of possession of marijuana (less than 30 grams) in violation of Mississippi Code Annotated § 41-29-139(c)(2)(A) ("Count Two"). R. [9-1] at 27,29; *see also Boler v. State*, 306 So.3d 846, 847-48 (Miss. Ct. App. 2020), *reh'g. denied*, (Miss. Ct. App. 2020). The court sentenced Boler, as a habitual offender, under Mississippi Code Annotated § 99-19-81, to serve eight years imprisonment in

the custody of the Mississippi Department of Corrections and imposed a $5,000.00 fine on Count One and imposed a $250.00 fine on Count Two. R. [9-1] at 29.

Boler, through counsel, moved for a new trial, *id.* at 31, but his motion was denied on July 22, 2019, *id.* at 41. Boler appealed, *id.* at 56, and the Mississippi Court of Appeals affirmed his conviction and sentence on August 25, 2020, R. [9-4] at 14-18; *Boler*, 306 So.3d at 848. Boler, proceeding pro se, moved for rehearing, R. [9-4] at 9, which the Mississippi Court of Appeals denied on December 1, 2020, *id.* at 8.

On June 3, 2021, Boler filed an Application for Leave to Proceed in the Trial Court, R. [9-6] at 3, along with an accompanying Motion for Post-Conviction Collateral Relief (collectively "Application for Leave to File a PCR Motion"), *id.* at 4-9. The Mississippi Supreme Court denied Boler's Application for Leave to File a PCR Motion on June 30, 2021, on the ground that Boler's "claims were either raised on direct appeal, or they were capable of being raised on direct appeal. Miss. Code Ann. § 99-39-21(3)." R. [9-6] at 2. The Mississippi Supreme Court further held that to the extent Boler's claims were not procedurally barred, they were meritless. *Id.*

On December 28, 2021, Boler signed his 28 U.S.C. § 2254 [1] Petition, which was filed of record on December 30, 2021. Pet. [1] at 1-15. Boler asserts one ground for federal habeas relief: Officer May's search of Boler's vehicle does not fall under any established exception to the warrant clause. *Id.* at 5.

Respondent Warden Franklin D. Brewer ("Respondent") has filed a [8] Response in Opposition. Respondent argues that Boler's claim is barred from federal habeas review by *Stone v. Powell*, 428 U.S. 465 (1976). Resp. [8] at 6. Specifically,

Respondent asserts that because Boler had the opportunity to adjudicate his Fourth Amendment claim in the trial court, on direct appeal, and in post-conviction proceedings, he received the full and fair opportunity to present his claim as required under *Stone*. *Id.* at 6-7.

Boler has filed a [10] Rebuttal arguing that he is entitled to federal habeas corpus under 28 U.S.C. § 2241(a). Rebuttal [10] at 2. Boler also argues that he has clearly demonstrated a violation of his Fourth Amendment right against unreasonable searches and seizures and Fifth and Fourteenth Amendment Due Process rights. *Id.* at 3. Boler further argues that he did not receive the full and fair hearing required by *Stone* because the state courts misapplied federal law and reached an unreasonable determination regarding his Fourth Amendment claim. *Id.* Boler also requests that the Court conduct an evidentiary hearing "in order to further develop the facts and law" and appoint him counsel. *Id.* at 4.

Respondent filed a [11] Reply. Respondent asserts that Boler has failed to show that the Court has the discretion to hold an evidentiary hearing, *id.* at 4, or that the interests of justice require the appointment of counsel, *id.* at 5-6.

## II. <u>STANDARD OF REVIEW</u>

Federal habeas review is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). 28 U.S.C. § 2254. Under the AEDPA, a petitioner may not obtain federal habeas relief on any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the Supreme Court of the United States, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *Cobb v. Thaler*, 682 F.3d 364, 372-73 (5th Cir. 2012); *Brown v. Payton*, 544 U.S. 133, 141 (2005).

A federal habeas court's inquiry into unreasonableness should always be objective rather than subjective, with a focus on whether the state court's application of clearly established federal law was "objectively unreasonable" and not whether it was incorrect or erroneous. *McDaniel v. Brown*, 558 U.S. 120, 133 (2010); *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003). Even a strong case for relief does not mean the state court's contrary conclusion was unreasonable, regardless of whether the federal habeas court would have reached a different conclusion itself. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Instead, a petitioner must show that the decision was objectively unreasonable, which is a "substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007); *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). So long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court's determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, a petitioner must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 103; *see also Bobby v. Dixon*, 565 U.S. 23, 24 (2011).

Federal courts look to the "last reasoned opinion" as the state court's "decision." *Salts v. Epps*, 676 F.3d 468, 479 (5th Cir. 2012); *see Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). "Where a state court's decision is unaccompanied by an explanation," and the lower courts did not issue a reasoned opinion, "the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 562 U.S. at 98; *see Johnson v. Williams*, 568 U.S. 289, 293 (2013) (holding that there is a rebuttable presumption that the federal claim was adjudicated on the merits when the state court addresses some claims, but not others, in its opinion).

Review under the AEDPA is "highly deferential" to the state court's decision. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam). This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. *Harrington*, 562 U.S. at 102 (citing *Felker v. Turpin*, 518 U.S. 651, 664 (1996)). As the Supreme Court explained, "[i]f this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

## III. <u>ANALYSIS</u>

### A.    Petitioner's Fourth Amendment Claim is Barred from Federal Habeas Review.

The Fourth Amendment to the United States Constitution protects against unreasonable searches and seizures. U.S. CONST. AMEND. IV. It is well settled, however, that Fourth Amendment claims are generally not cognizable on federal habeas review. *Stone v. Powell*, 428 U.S. 465, 480-81 (1976). In *Stone*, the United

States Supreme Court held that "where the state has provided an opportunity for full and fair consideration of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that the evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id*. at 494. "This preclusion on federal courts to grant habeas relief based on a fourth amendment violation acts as a bar to such relief 'absent a showing that the state prisoner was denied an opportunity for a full and fair litigation of that claim at trial and on direct review.'" *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986) (quoting *Stone*, 428 U.S. at 494 n. 37).

Opportunity for full and fair litigation means just that: an opportunity. *See Janecka v. Cockrell*, 301 F.3d 316, 320 (5th Cir. 2002). "The opportunity to present a fourth amendment claim to the state trial and appellate courts, whether or not that opportunity is exercised or proves successful, constitutes 'an opportunity for full and fair consideration' of a defendant's fourth amendment claim under *Stone* absent sufficient factual allegations and proof that the state process is 'routinely or systematically applied in such a way as to prevent the actual litigation of fourth amendment claims on their merits.'" *Smith v. Maggio*, 664 F.2d 109, 111 (5th Cir. 1981) (quoting *Williams v. Brown*, 609 F.2d 216, 220 (5th Cir. 1980)). Petitioner bears the burden of proving the denial of full and fair litigation in state court. *Davis*, 803 F.2d at 1372.

Boler contends that he is entitled to federal habeas relief because the search of his vehicle did not fall within any established exception to the Fourth Amendment's

6

warrant requirement. Pet. [1] at 5. Boler argues that he received less than the full and fair hearing required by *Stone* because the state court incorrectly applied federal law and came to an unreasonable determination of the facts. Rebuttal [10] at 3.

To the extent Boler's pleadings may be liberally construed as asserting an entitlement to relief based on an allegation the state court misapplied federal law regarding Fourth Amendment searches, Boler has not presented a cognizable federal habeas claim. Boler has not presented any factual support for this assertion. And the Fifth Circuit has long held that mere conclusory allegations, such as Boler's, do not raise a constitutional issue. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (citing *Schlang v. Heard*, 691 F.2d 796, 798 (5th Cir. 1982).

Notwithstanding, the record demonstrates that Boler received a sufficient opportunity for a full and fair litigation of his Fourth Amendment Claim. At trial, Boler, through counsel, moved to suppress the evidence seized during the subject search. R. [9-2] at 58. The trial court excused the jury, heard witness testimony, viewed the subject body camera video footage, and heard oral argument from the parties, including arguments about whether the search was made pursuant to the plain view exception, inventory exception, or search incident to a lawful arrest exception, before eventually denying the request. *Id*. at 33-66. Specifically, the trial court held that the search was permissible under the plain view exception. *Id*. at 66. Boler then raised his Fourth Amendment claim on direct appeal, through counsel, to the Mississippi Court of Appeals. R. [9-3] at 6-24. Boler argues that the trial court erred in not suppressing the fruits of the warrantless search because the plain view

exception did not apply. *Id.* at 10. Boler also argued that the search did not fall under the inventory or search incident to a lawful arrest exceptions. *Id.* In a written decision, the court specifically addressed Boler's argument that the trial court erred by allowing evidence under the plain view exception and held "that the drugs found in Boler's vehicle [fell] within the plain-view exception" to the Fourth Amendment's warrant requirement. *Boler*, 306 So.3d at 848. The court explained that the drugs seized fell within the plain-view exception because they came into Officer May's view when he shined a flashlight through the passenger window to ensure no other individuals were in Boler's vehicle. *Id.* Because the State bore its "burden to show that [the] warrantless search [fell] under one of the permissible exceptions," the court affirmed. *Id.* (citing *May v. State*, 222 So. 3d 1074, 1078 (Miss. Ct. App. 2016)).

Because the record confirms that the state courts provided Boler a full and fair opportunity to present his Fourth Amendment claim, which included his arguments regarding alternative search warrant exceptions, that claim is barred from federal habeas review by *Stone*. The fact that Petitioner disagrees with the state courts' decisions is not sufficient to overcome the *Stone* bar. *See Janecka*, 301 F.3d at 320. Nor are Boler's arguments regarding the applicability or inapplicability of the plain view exception or other search warrant exceptions. Under *Stone*, and its progeny, this Court's inquiry is limited to whether Boler received a full and fair ***opportunity*** to litigate his Fourth Amendment arguments in the state courts, not whether those arguments were addressed to his satisfaction or proved successful. *See Janecka*, 301 F.3d at 320; *Smith*, 664 F.2d at 111. Even if it were not barred, Boler has failed to

8

demonstrate that the state court's adjudication of his Fourth Amendment claim was contrary to or an unreasonable application of clearly established federal law. *Cobb*, 682 F.3d at 372-73. Accordingly, Boler's Fourth Amendment claim for federal habeas relief is procedurally barred, and the undersigned recommends its dismissal.

## B.   Petitioner's Request for an Evidentiary Hearing.

Boler also asks the Court to conduct an evidentiary hearing "in order to further develop the facts and law. . ." Rebuttal [10] at 4. Rule 8(a) of the Rules Governing Section 2254 Proceedings provides that if a petition is not dismissed, "the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." Rule 8(a) of Rules Governing Section 2254 Proceedings. Pursuant to 28 U.S.C. § 2254(e)(2),

> [i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—
>
> (A) the claim relies on--
> > (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> > (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). "Section 2254(e)(2) imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing." *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011).

Boler has not shown that the Court has discretion to grant an evidentiary hearing. Boler has not argued or shown that his claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. Nor has he shown the existence of a factual predicate that could not have been previously discovered through the exercise of due diligence. *See* 28 U.S.C. § 2254(e)(2). Finally, Boler has not shown that the facts underlying his claim would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty of the underlying offense. *See id*. Therefore, the undersigned recommends that Boler's request for an evidentiary hearing be denied.

## C.    Petitioner's Request for the Appointment of Counsel.

Boler also requests that the Court appoint counsel for him in accordance with 18 U.S.C. § 3006A. Rebuttal [10] at 4. Respondent counters that Boler has failed to demonstrate that the interests of justice require the appointment of counsel. Reply [11] at 5-6.

"No constitutional right to counsel exists in federal postconviction proceedings." *Urias v. Thaler*, 455 F. App'x 522, 523 (5th Cir. 2011) (per curiam) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987)). But, "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief" under § 2254. 18 U.S.C. § 3006A(a)(2)(B).

The interests of justice do not require the appointment of counsel. The issues, in this case are simple and straightforward. Boler asserts just one ground for relief: that the warrantless search of his vehicle violated the Fourth Amendment. Pet. [1] at 5. Moreover, Boler's pleadings demonstrate the ability to adequately present his arguments to the Court. Therefore, the undersigned recommends that Boler's request for the appointment of counsel be denied.

## III. RECOMMENDATION

For the reasons stated above, the undersigned United States Magistrate Judge recommends dismissing the [1] Petition with prejudice and denying Petitioner's requests for an evidentiary hearing and the appointment of counsel.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U. Civ. R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen days of being

served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 25th day of April 2023.

s/ *Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE